Dear Mayor Curry:
You have asked this office to review the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., and advise if under this law a person may serve as a member of the Parks and Recreation Board for the City of New Iberia and at the same time serve as a member of the Iberia Parish Mosquito Abatement District Commission.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., govern our response to your question. A legal analysis relative to the dual officeholding provisions requires a determination as to the types of positions held.
First, the City of New Iberia Parks and Recreation Board is created by municipal ordinance. See the City of New Iberia Code of Ordinances, Chapter 62, Article II, Section 62-27. The board has ten members, including the mayor and the superintendent of parks and recreation, while the remaining eight members are appointed by the mayor with the approval of the municipal board of trustees. Membership on the board constitutesappointive office as defined by La.R.S. 42:62(2) because the office is "specifically established . . . by the charter or ordinances of any political subdivision . . . which is filled by appointment . . . by an elected . . . public official . . . of a political subdivision thereof."
Second, the Iberia Parish Mosquito Abatement District Commission is created by ordinance enacted by the parish governing authority under authority of La.R.S. 33:7721, providing in part that "the governing authority of any parish may by ordinance create mosquito abatement districts composed of any part or all of the territory lying wholly within the parish . . ." Appointments to this five-member board of commissioners are made by the police jury pursuant to La.R.S. 33:7723. Thus, membership held on this board also constitutes appointive office
for purposes of a dual officeholding analysis. *Page 2 
The prohibition which might be applicable, if both positions here considered were held on a full-time basis, is found in La.R.S. 42:63(E), providing:
E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
A position defined to be held on a full-time basis "means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work." See La.R.S.42:62(4). A position defined to be held on a part-time basis "means the period of time which a person normally works or is expected to work in appointive office or employment which is less than the number of hours worked in this Section as full-time." See La.R.S. 42:62(5).
Because both positions are held on a part-time basis, it is the opinion of this office that La.R.S. 42:63(E) does not prohibit one from holding both positions concurrently.
Finally, this opinion is limited to an examination of the state law regulating dual officeholding and employment. Ethical concerns or situations involving conflicts of interest are resolved by the Louisiana State Board of Ethics. The Board renders advisory opinions regarding the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, et seq. The mailing address for the Louisiana State Board of Ethics is P.O. Box 4368, Baton Rouge, Louisiana 70821, phone, 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:arg